UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| In re: | BKY 14-35001-KAC |
| Chad Menter Hill, | Chapter 7 |
| Debtor. | |
| Daniel M. McDermott, United States Trustee, | Adv. No. 15-03098 |
| Plaintiff, | MEMORANDUM AND ORDER |
| v. | |
| Chad Menter Hill, | |
| Defendant. | |

This adversary proceeding came on for hearing on the U.S. Trustee's Motion to Amend Judgment. Colin Kreuziger appeared for the plaintiff and Bradley Kirscher appeared for the defendant.

Background

Chad Menter Hill ("Hill") petitioned for bankruptcy on December 21, 2014. On July 30, 2015, this court entered an order extending the deadline for the U.S. Trustee (the "Trustee") to file a complaint objecting to Hill's discharge pursuant to 11 U.S.C. § 727. That same day, the Trustee commenced this adversary proceeding seeking denial of Hill's discharge under 11 U.S.C. §§ 727(a)(2)(A), (a)(3), (a)(4), and (a)(5). On October 18, 2016, at the conclusion of a two day trial, this court made its decision and set forth its reasoning on the oral record denying Hill's discharge on the basis of § 727(a)(2)(A). Having determined the claim against Hill on

1

count 1 pursuant to § 727(a)(2)(A), this court stated it did "not need to determine Counts 2, 3 and 4 under § 727(a)(3), § 727(a)(4), and § 727(a)(5)." On October 19, 2016, both a written order for judgment and separate judgment denying Hill's discharge ("the Judgment") were entered.

On November 1, 2016, Hill timely filed a notice of appeal to the District Court. Hill limited his appeal to the order extending the Trustee's deadline to bring a complaint.

On January 26, 2017, the Trustee filed the instant Motion to Amend Judgment (the "Motion"). The Motion requests this court amend the Judgment "for the purpose of certifying it as a final judgment pursuant to Fed. R. Civ. P. 54(b)." The Trustee argues the Judgment "may be interlocutory because it does not dispose of all claims of all parties." As such, the Trustee fears "unnecessary delay in the prosecution of [Hill's] appeal may result" if this court does not grant the Motion. Hill filed a response agreeing to the amendment so long as "the Court give[s] the amendment retroactive effect."

Discussion

While amending the Judgment would preemptively alleviate the Trustee's concerns, "54(b) orders should not be entered routinely or as a courtesy to [accommodate] counsel." *Hayden v. McDonald*, 719 F.2d 266, 268 (8th Cir. 1983) (quoting *Panichella v. Penn RR,* 252 F.2d 452, 455 (3d Cir. 1958)). Accordingly, this court considered the prudence of using Rule 54(b) to amend a judgment already under appeal.[1] Rule 54(b) provides:

> When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

---

[1] Fed. R. Civ. P. 54(b) applies in adversary proceedings pursuant to Fed. R. Bankr. P. 7054(a).

2

Pursuant to Rule 54(b), the Judgment fully and finally adjudicated the Trustee's only *claim* in the adversary proceeding: that 11 U.S.C. § 727(a) precluded Hill from receiving a discharge. To support this *claim*, the Trustee brought several *counts*, each presenting a different theory and subsection of § 727(a), but all seeking the same result: the denial of Hill's discharge. In determining the first of these counts against Hill, the Judgment fully and finally adjudicated the sole claim. *See In re Moss*, 266 B.R. 408, 414 (BAP 8th Cir. 2001) ("To prevail on a claim for denial of discharge under section 727, the objector need only prove that one, not all, of the section 727(a) exceptions to discharge exists."). In doing so, the Judgment rendered the remaining counts redundant and unnecessary for entry of a final judgment. *See In re Donahue*, 2011 WL 6737074, at *8 (BAP. 1st Cir. 2011). Whether denial of discharge is determined under one or many subsections of § 727(a), the outcome is the same: the denial of discharge. The Judgment is a final order.

The Trustee cites two cases in support of his argument that a determination of all counts is necessary for a final, appealable order absent a Rule 54(b) certification or amendment of the Judgment, but both cases are distinguishable and unpersuasive. In the *Thruston* case, the bankruptcy court certified a § 727 judgment under Rule 54(b) and, on appeal, the BAP assumed without discussion that the order not resolving alternative grounds for denying discharge was interlocutory. *In re Thruston*, 2015 WL 3989132, at *7 (BAP 9th Cir. Jun. 30, 2015). The Trustee also cites *In re Beverly*, in which the debtor faced a consolidated action under two different provisions of the Bankruptcy Code. *In re Beverly*, 374 B.R. 221, 229 (BAP 9th Cir. 2007). The bankruptcy court bifurcated the § 523 claims from the § 727 claims and ruled on just the § 727 claims. *Id*. At 230–231. The Ninth Circuit BAP determined the bifurcated § 727 judgment lacked finality because "in [the Ninth] Circuit, a judgment in a consolidated action that

3

does not resolve all claims against all parties is not appealable as a final judgment without a Rule 54(b) certification." *Id.* at 231 (quoting *Huene v. United States*, 743 F.2d 703, 704–05 (9th Cir. 1984)). The *Beverly* case does not support the Trustee's argument because this court did not consolidate or bifurcate any claims in entering the Judgment and in the instant case there are no unresolved claims. The authority cited by the Trustee does not call the Judgment's finality into question.

In fact, established precedent supports a determination of finality. In the Eighth Circuit, the finality of a bankruptcy court's order depends on: "(1) the extent to which the order leaves the Bankruptcy Court nothing to do but to execute the order; (2) the extent to which delay in obtaining review would prevent the aggrieved party from obtaining effective relief; and (3) the extent to which a later reversal on [the contested] issue would require recommencement of the entire proceeding." *In re Olson*, 730 F.2d 1109, 1109 (8th Cir. 1984) (citations omitted); *see In re Koch*, 109 F.3d 1285, 1287 (8th Cir. 1997); *Official Comm. of Unsecured Creditors v. Farmland Indus., Inc. (In re Farmland Indus.)*, 397 F.3d 647, 650 (8th Cir. 2005); *In re M & S Grading, Inc.*, 526 F.3d 363, 368 (8th Cir. 2008); *Isaacson v. Manty*, 721 F.3d 533, 537 (8th Cir. 2013).

Applying the factors to the Judgment, its finality is patent. Once this court set forth its oral decision, it only needed to enter the Judgment to deny Hill's discharge. There is nothing left for this bankruptcy court to do in this adversary proceeding or in the main bankruptcy case. As to the second factor, there are no contingent matters pending in this case and appellate review is now the only way to resolve this matter. Regarding the final factor, as stated by both parties during oral arguments, because Hill only appealed the procedural question of whether this court properly extended the deadline to bring a complaint, the District Court's decision will not revive

the Trustee's § 727 action on the merits and will not require recommencement of the entire proceeding.

The Trustee seeks by the Motion to avoid delay, but certification of the Judgment's finality would not accelerate conclusion of this matter. The reviewing court "independently reviews whether a Rule 54(b) determination properly conferred appellate jurisdiction." *Outdoor Cent., Inc. v. GreatLodge.com, Inc.*, 643 F.3d 1115, 1118 (8th Cir. 2011), *as corrected* (Aug. 4, 2011); *see Matschiner v. Hartford Life & Acc. Ins. Co.*, 622 F.3d 885, 886 n. 1 (8th Cir. 2010). Certification by this court of the Judgment's finality would not circumvent the District Court's independent review.

Moreover, the Judgment already contains the certification of finality the Trustee seeks in his Motion. In the Eighth Circuit a court may certify finality by "unmistakably clear implication." *Bullock v. Baptist Memorial Hospital*, 817 F.2d 58, 59 (8th Cir. 1987). This court's original oral decision contained such unmistakably clear implication. It expressly decided the § 727(a)(2)(A) claim in favor of the Trustee and ordered the requested relief: denial of Hill's discharge. Discharge only needs to be denied once. Consideration of the remaining counts would produce the same result, no matter the disposition. Following the oral decision, this court entered the Judgment, which incorporated and finalized the relief mandated by the oral decision. Taken together, these facts certify finality by unmistakably clear implication.

Not only is certification unnecessary, this court does not have jurisdiction to amend the Judgment. "The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982); *see Ahlberg v. Chrysler Corp.*, 481 F.3d 630, 638 (8th Cir. 2007). Accordingly, this court

5

does not retain jurisdiction to consider the Trustee's Motion because the Judgment became subject to the District Court's appellate jurisdiction as soon as Hill appealed. Hill's acquiescence to the Motion does not allow this court to ignore fundamental jurisdictional mandates.

Hill's appeal makes any 54(b) certification by this court an academic exercise. The District Court will determine the Judgment's finality for itself. An appellate court "must independently ascertain its own jurisdiction, even on its own motion." *Outdoor Cent., Inc.*, 643 at 1118 (citing *Huggins v. FedEx Ground Packaging Sys., Inc.*, 566 F.3d 771, 773 (8th Cir. 2009). Should the District Court deem the Judgment interlocutory, it will proceed as it deems appropriate. Granting the Trustee's Motion would interfere with the appeal process. Once Hill filed his appeal, jurisdiction to determine the Judgment's finality rested exclusively with the District Court.

Accordingly, for all these reasons, IT IS ORDERED:

The Motion is denied.

DATED:  March 2, 2017

/e/ Katherine A. Constantine
United States Bankruptcy Judge

NOTICE OF ELECTRONIC ENTRY AND
FILING ORDER OR JUDGMENT
Filed and Docket Entry made on 03/02/2017
Lori Vosejpka, Clerk, by WM